52

10-28-97
2:30 PM

PATRICK J. CONLON, ESQ. (PC 2356)
JOSEPH T. WALSH, III (JW 5250)
200 Park Avenue
Florham Park, New Jersey  07932
(201) 765-2785
(201) 765-2848
Attorneys for Defendant, Exxon Corporation

FILED

OCT 28 1997

AT 8:30 ...... 2:30P ...M.
WILLIAM T. WALSH
CLERK

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
NEWARK VICINAGE

| | |
|---|---|
| JULIA C. POVEROMO-SPRING and JOSEPH J. SPRING, JR., | X : : |
| Plaintiffs, | : Civil Action No. 96-398 (JAG) : : |
| v. | : : |
| EXXON CHEMICAL COMPANY, LEN LEVITT, RICHARD DOOLEY, JOHN B. SEKEL, M.D., DIANE THOMAS, KATHY TEEL, VALERIE BRACKETT, M.D., MARGO MILLER, JOHN HEDIN, SCOTT D. SHERMAN, HAROLD EINHORN, FRAN SCIACCHITANO, PETE TRELENBERG, JEAN GIBKI, HOLLY KING, CAROL BENKERT, MARILYN GOYETTE, PAUL LIVAUDAIS, LEN BERLIN, DOUG CRANWELL, FLORENCE KELLY, JUDY KRIEG, JULIE KALE, KIM BROWN, GLORIA MORGAN, VICKI LUQUETTE, ROSE ANN FOEGE, JOHN TOTTE, STAN TEBBE, PAUL BARBER, ROBERT HURLEY, BOB JOHNSON, CHUNG KUN SHIH, RALPH SPOHN, EXXON CHEMICAL AMERICAS, KAREN JOYCE, EXXON RESEARCH AND ENGINEERING COMPANY, JACK GEEHR, ELLIE LEWIS, INDEPENDENT LABORATORY EMPLOYEES' UNION, INC., WILLIAM CULLEN, DONNA HERRAN, JOHN | : ANSWER TO COMPLAINT AND : JURY DEMAND : : : : : : : : : : : : : : : : : : : : : : : : : |

DOES 1-20 and JANE DOES 1-20,  :
           :
     Defendants.  X

   Defendant, Exxon Corporation, improperly captioned above as Exxon Chemical Company and Exxon Chemical Americas, hereinafter referred to as "Exxon", by way of Answer to the Complaint alleges and says:

## FIRST COUNT

   1.  Exxon denies the allegations contained in Paragraph 1 except that Exxon admits it has offices and laboratories located at 1900 East Linden Avenue, Linden, New Jersey.

   2.  Exxon admits that Len Levitt is an employee of Exxon.  The remainder of the allegations contained in this paragraph are vague, imprecise or inaccurate and are therefore denied.

   3.  Exxon admits that Richard Dooley is an employee of Exxon.  The remainder of the allegations contained in this paragraph are vague, imprecise or inaccurate and are therefore denied.

   4.  Exxon denies that John B. Sekel, M.D. was an employee of Exxon.  The remainder of the allegations contained in this paragraph are vague, imprecise or inaccurate and are therefore denied.

   5.  Exxon admits that Diane Thomas was an employee of Exxon.  The remainder of the allegations contained in this paragraph are vague, imprecise or inaccurate and are therefore denied.

   6.  Exxon admits that Kathy Teel was an employee of Exxon.  The remainder of the allegations contained in this paragraph are vague, imprecise or inaccurate and are therefore denied.

7.      Exxon admits that Valerie Brackett is an employee of Exxon.  The remainder of the allegations contained in this paragraph are vague, imprecise or inaccurate and are therefore denied.

8.      Exxon admits that Margo Miller, R.N. is an employee of Exxon.  The remainder of the allegations contained in this paragraph are vague, imprecise or inaccurate and are therefore denied.

9.      Exxon admits that John Hedin was an employee of Exxon.  The remainder of the allegations contained in this paragraph are vague, imprecise or inaccurate and are therefore denied.

10.     Exxon admits that Scott D. Sherman was an employee of Exxon.  The remainder of the allegations contained in this paragraph are vague, imprecise or inaccurate and are therefore denied.

11.     Exxon admits that Harold Einhorn was an employee of Exxon.  The remainder of the allegations contained in this paragraph are vague, imprecise or inaccurate and are therefore denied.

12.     Exxon admits that Fran Sciacchitano is an employee of Exxon.  The remainder of the allegations contained in this paragraph are vague, imprecise or inaccurate and are therefore denied.

13.     Exxon admits that Pete Trelenberg is an employee of Exxon.  The remainder of the allegations contained in this paragraph are vague, imprecise or inaccurate and are therefore denied.

14.     Exxon admits that Jean Gibki, Holly King, Carol Benkert and Marilyn Goyette are employees of Exxon.  The remainder of the allegations contained in this paragraph are vague, imprecise or inaccurate and are therefore denied.

15.     Exxon admits that Paul Livaudais is an employee of Exxon.  The remainder of the allegations contained in this paragraph are vague, imprecise or inaccurate and are therefore denied.

16.    Exxon admits that Len Berlin is an employee of Exxon.  The remainder of the allegations contained in this paragraph are vague, imprecise or inaccurate and are therefore denied.

17.    Exxon admits that Doug Cranwell is an employee of Exxon.  The remainder of the allegations contained in this paragraph are vague, imprecise or inaccurate and are therefore denied.

18.    Exxon admits that Florence Kelly was an employee of Exxon.  The remainder of the allegations contained in this paragraph are vague, imprecise or inaccurate and are therefore denied.

19.    Exxon admits that Judy Krieg is an employee of Exxon.  The remainder of the allegations contained in this paragraph are vague, imprecise or inaccurate and are therefore denied.

20.    Exxon admits that Julie Kale, Kim Brown and Gloria Morgan are employees of Exxon.  The remainder of the allegations contained in this paragraph are vague, imprecise or inaccurate and are therefore denied.

21.    Exxon admits that Vicki Luquette was an employee of Exxon.  The remainder of the allegations contained in this paragraph are vague, imprecise or inaccurate and are therefore denied.

22.    Exxon admits that Rose Ann Foege is an employee of Exxon.  The remainder of the allegations contained in this paragraph are vague, imprecise or inaccurate and are therefore denied.

23.    Exxon admits that John Totte is an employee of Exxon.  The remainder of the allegations contained in this paragraph are vague, imprecise or inaccurate and are therefore denied.

24.    Exxon admits that Stan Tebbe is an employee of Exxon.  The remainder of the allegations contained in this paragraph are vague, imprecise or inaccurate and are therefore denied.

25.     Exxon admits that Paul Barber is an employee of Exxon.  The remainder of the allegations contained in this paragraph are vague, imprecise or inaccurate and are therefore denied.

26.     Exxon admits that Robert Hurley is an employee of Exxon.  The remainder of the allegations contained in this paragraph are vague, imprecise or inaccurate and are therefore denied.

27.     Exxon admits that Bob Johnson is an employee of Exxon.  The remainder of the allegations contained in this paragraph are vague, imprecise or inaccurate and are therefore denied.

28.     Exxon admits that Chung Kun Shih is an employee of Exxon.  The remainder of the allegations contained in this paragraph are vague, imprecise or inaccurate and are therefore denied.

29.     Exxon admits that Ralph Spohn is an employee of Exxon.  The remainder of the allegations contained in this paragraph are vague, imprecise or inaccurate and are therefore denied.

30.     Exxon denies the allegations contained in Paragraph 30.

31.     Exxon admits that Karen Joyce is an employee of Exxon.  The remainder of the allegations contained in this paragraph are vague, imprecise or inaccurate and are therefore denied.

32.     Exxon admits that Exxon Research and Engineering Company ("ER&E") is a corporation organized and existing under the laws of the State of New Jersey located at 180 Park Avenue, in the Borough of Florham Park, County of Morris and 1900 East Linden Avenue, in the City of Linden, County of Union.  Further responding, Exxon denies the remainder of the allegations contained in Paragraph 32.

33.     Exxon admits that Jack Geehr is an employee of ER&E.  The remainder of the allegations contained in this paragraph are vague, imprecise or inaccurate and are therefore denied.

34.   Exxon admits that Ellie Lewis is an employee of Exxon.  The remainder of the allegations contained in this paragraph are vague, imprecise or inaccurate and are therefore denied.

35.   On information and belief, Exxon believes that Independent Laboratory Employees' Union, Inc. was a labor union organized and existing under the laws of the State of New Jersey. Further responding, Exxon admits that the Independent Laboratory Employees' Union, Inc. engaged in collective bargaining and represented certain employees of Exxon.  Further responding, Exxon lacks specific knowledge and therefore denies the remainder of the allegations in this paragraph.

36.   On information and belief, Exxon lacks specific knowledge of former defendants William Cullen and Donna Herran's status as "union officials" at "certain specified times" (which were not provided) and therefore denies the allegations contained in this paragraph.

37.   Exxon denies the allegations contained in Paragraph 37 as stated. However, Exxon admits that for certain limited time periods plaintiff Julia C. Poveromo-Spring was a non-management employee of Exxon.

38.   Exxon denies the allegations contained in Paragraph 38 as stated. However, Exxon admits that for certain limited time periods plaintiff Joseph J. Spring, Jr. was a non-management employee of Exxon.

39.   Exxon admits the allegations contained in Paragraph 39 except as to the title of "mailroom clerk".

40.   Exxon denies the allegations contained in Paragraph 40.

41.   Exxon admits the allegations contained in Paragraph 41 except as to the title as "part time litigation assistant".

42.   Exxon admits the allegations contained in Paragraph 42 except as to the title of "Information Systems Technician".

43.   Exxon admits that for a portion of time referenced in Paragraph  43 plaintiff Julia C. Poveromo-Spring worked in the engine lab under the supervision of Fran Sciacchitano. Exxon denies the remainder of the allegations contained in this paragraph.

44.   Exxon admits that for a portion of the time referenced in Paragraph 44 Fran Sciacchitano was a supervisor in the engine lab.  Exxon denies the remainder of the allegations contained in this paragraph.

45.   Denied as stated.  However, Exxon admits that for a portion of the time referenced in this paragraph plaintiff Julia C. Poveromo-Spring was an "uprate" pursuant to the CBA.

46.   Exxon states that the documents referred to in this paragraph, as writings, speak for themselves.

47.   Exxon admits the allegations contained in Paragraph 47.

48.   Exxon denies the allegations contained in Paragraph 48.

49.   Exxon denies the allegations contained in Paragraph 49 except that plaintiff was informed by Vijay Arora that she would be relocated to Building #24.

50.   Exxon denies the allegations contained in Paragraph 50 except that plaintiff was absent from work for approximately 70 days.

51.   Exxon denies the allegations contained in Paragraph 51.

52.   Exxon admits that on or about October 10,1991 plaintiff had a conversation with Margo Miller.  Exxon denies the remainder of the allegations contained in this paragraph.

53.   Exxon admits that plaintiff hand delivered a note to Margo Miller.  Exxon states that the note referred to in this paragraph, as a writing, speaks for itself.  Exxon denies the remainder of the allegations contained in Paragraph 53.

54.   Exxon denies the allegations contained in Paragraph 54.

55.   Exxon denies the allegations contained in Paragraph 55.

56.    On information and belief Exxon believes that plaintiff met with her union officials on or about October 28,1991.  Exxon denies the remainder of the allegations contained in Paragraph 56.

57.    Exxon is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 57, and therefore denies the same.

58.    Exxon admits that Richard Dooley prepared a memorandum.  Exxon states that the memorandum referred to in this paragraph, as a writing, speak for itself. Further responding, Exxon denies the remainder of the allegations contained in Paragraph 58.

59.    Exxon admits that Fran Sciacchitano had a meeting with Richard Dooley. Exxon is without knowledge or information sufficient to form a belief as to the truth or falsity of the remainder of the allegations contained in Paragraph 59 and therefore denies the same.

60.    Exxon admits that  Fran Sciacchitano prepared a memorandum.  Exxon states that this document, as a writing, speak for itself.  Further responding, Exxon denies the remainder of the allegations contained in Paragraph 60.

61.    Exxon admits that on or about November 12, 1991 plaintiff was transferred to the scheduling office.  The remaining allegations are denied.

62.    Exxon denies the allegations contained in Paragraph 62.

63.    Exxon denies the allegations contained in Paragraph 63.

64.    Exxon denies the allegations contained in Paragraph 64.

65.    Exxon denies the allegations contained in Paragraph 65.

66.    Exxon denies the allegations contained in Paragraph 66.

67.    Exxon denies the allegations contained in Paragraph 67.

68.     Exxon is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 68, and therefore denies the same. Any inference contained therein against Exxon is denied.

69.     Exxon denies the allegations contained in Paragraph 69.

**WHEREFORE**, defendant, Exxon demands that the Complaint be dismissed with prejudice and without costs.

## SECOND COUNT

1.      Exxon repeats its answers to the First Count of the Complaint as if set forth at length herein.

2.      Exxon admits that Julia C. Poveromo-Spring  worked under the supervision of Fran Sciacchitano for a portion of the time referenced in paragraph 2. Further responding, Exxon denies the remainder of the allegations contained in Paragraph 2.

3.      Exxon denies the allegations contained in Paragraph 3.

4.      Exxon denies the allegations contained in Paragraph 4.

5.      Exxon denies the allegations contained in Paragraph 5.

6.      Exxon denies the allegations contained in Paragraph 6.

7.      Exxon admits that plaintiff Julia C. Poveromo-Spring for a certain time period had a medical condition while an employee of Exxon. Exxon further admits that attempts were made by Exxon to accommodate plaintiff's medical condition. The remainder of the allegations in this paragraph are vague, imprecise or inaccurate and are therefore denied.

8.      Exxon denies the allegations contained in Paragraph 8.

9.      Exxon denies the allegations contained in Paragraph 9.

10.     Exxon denies the allegations contained in Paragraph 10.

11.     Exxon denies the allegations contained in Paragraph 11.

12.     Exxon denies the allegations contained in Paragraph 12.

**WHEREFORE**, defendant, Exxon demands that the Complaint be dismissed with prejudice and without costs.

## THIRD COUNT

1.     Exxon repeats its answers to each and every allegation of all prior Counts as if same were set forth at length herein.

2.     Exxon admits that on or about October 1991 Dr. John B. Sekel discussed the medical condition of plaintiff with plaintiff's physician. The remainder of the allegations contained in this paragraph are vague, imprecise or inaccurate and are therefore denied.

3.     Exxon admits that on or about December 23, 1991 Fran Sciacchitano and Diane Thomas had a meeting wherein they discussed plaintiff. Further responding, Exxon denies the remainder of the allegations contained in Paragraph 3.

4.     Exxon is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 4, and therefore denies the same.

5-8.     Plaintiff's common law breach of contract claim has been dismissed with prejudice. Accordingly, no response is required.

9.     Plaintiff's common law breach of contract claim and tortious interference claim have been dismissed with prejudice. Accordingly, no response is required.

**WHEREFORE**, defendant, Exxon demands that the Complaint be dismissed with prejudice and without costs.

## FOURTH COUNT

1-4.     Plaintiff's claims of breach of implied covenant of good faith and fair dealing and intentional infliction of emotional distress have been dismissed with prejudice. Accordingly, no response is required.

## FIFTH COUNT

1-4.    Plaintiff's claim of intentional infliction of emotional distress has been dismissed with prejudice.  Accordingly, no response is required.

## SIXTH COUNT

1.    Exxon repeats its answers to each and every allegation of all prior Counts as if same were set forth at length herein.

2.    Exxon admits that in May 1992 plaintiff, Julia C. Poveromo-Spring was transferred.  Further responding, Exxon denies the remainder of the allegations contained in Paragraph 2.

3.    Exxon admits that from May 1992 until her resignation, plaintiff, Julia C. Poveromo-Spring was employed as an Information Technician in the Library and Media Center of the Technology Services Division ("TCSD").  Further responding, Exxon denies the remainder of the allegations contained in Paragraph 3.

4.    Exxon admits that Doug Cranwell, Judy Krieg and Diane Thomas had a meeting with Margo Miller, R.N. in which plaintiff's work performance was discussed.  Further responding, Exxon denies the remainder of the allegations contained in Paragraph 4.

5.    Exxon admits the allegations contained in Paragraph 5.

6.    Exxon denies the allegations contained in Paragraph 6.

7.    Exxon admits that Margo Miller, R.N. met with plaintiff during May 1993 and encouraged her to seek counseling through EHAP.  Further responding, Exxon denies the remainder of the allegations contained in Paragraph 7.

8.    Exxon denies the allegations contained in Paragraph 8.

9.    Exxon denies the allegations contained in Paragraph 9.

10.    Exxon denies the allegations contained in Paragraph 10.

11.    Exxon denies the allegations contained in Paragraph 11.

12.    Exxon denies the allegations contained in Paragraph 12.

13.   Exxon denies the allegations contained in Paragraph 13.

14.   Exxon denies the allegations contained in Paragraph 14.

15.   Exxon denies the allegations contained in Paragraph 15.

**WHEREFORE**, defendant, Exxon demands that the Complaint be dismissed with prejudice and without costs.

## SEVENTH COUNT

1-5.   Plaintiff's claims of breach of contract and wrongful disclosure of medical information have been dismissed with prejudice. Accordingly, no response is required.

## EIGHTH COUNT

1-4.   Plaintiff's claims of breach of contract and wrongful disclosure of medical information have been dismissed with prejudice. Accordingly, no response is required.

## NINTH COUNT

1-4.   Plaintiff's claim of intentional infliction of emotional distress has been dismissed with prejudice. Accordingly, no response is required.

## TENTH COUNT

1-4.   Plaintiff's claims of wrongful disclosure of medical information and intentional infliction of emotional distress have been dismissed with prejudice. Accordingly, no response is required.

## ELEVENTH COUNT

1-5.   Plaintiff's breach of contract claim has been dismissed with prejudice. Accordingly, no response is required.

## TWELFTH COUNT

1.   Exxon repeats its answers of each and every allegation of all prior Counts as if same were set forth at length herein.

2.   Exxon admits that the U.S. Attorneys Office conducted an investigation that involved allegations of impropriety at the Engine Lab. Further responding, Exxon denies the remainder of the allegations contained in Paragraph 2.

3.     Exxon denies the allegations of Paragraph 3.

4.     Exxon admits that Julia C. Poveromo-Spring worked in the engine lab and that for a portion of the time referenced in Paragraph 4 Fran Sciacchitano was her supervisor.  Further responding, Exxon denies  the remainder of the allegations contained in Paragraph 4.

5.     Exxon is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 5, and therefore denies the same.

6.     Exxon admits that plaintiff Joseph Spring was hired as a non-regular employee on or about May 20, 1991.  Further responding, Exxon denies the remainder of the allegations contained in Paragraph 6.

7.     Exxon is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 7, and therefore denies the same.

8.     Exxon admits that plaintiff Spring worked at Exxon while an employee of Olsten Temporary Services from November 1990 through January 1991 and other discrete time periods.  Exxon denies the remainder of the allegations of this paragraph.

9.     Exxon admits the allegations contained in Paragraph 9 except Exxon is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegation contained in Paragraph 9 that plaintiff Spring attended college full-time and therefore denies the same.

10.    Exxon admits in May 1992 plaintiff, Julia C. Poveromo-Spring was transferred.  Further responding, Exxon denies the remainder of the allegations contained in Paragraph 10.

11.    Exxon denies the allegations contained in Paragraph 11.

12.    Exxon denies the allegations contained in Paragraph  12.

13.     Exxon admits that Joseph J. Spring, Jr. was informed on or about June 1993 and subsequent dates that there was no longer a position available for him effective December 31, 1993.

14.     Exxon admits Joseph J. Spring, Jr. was separated from his employment with Exxon on December 31, 1993.  Further responding, Exxon denies the remainder of the allegations contained in Paragraph 14.

15.     Exxon denies the allegations contained in Paragraph  15.

16.     Exxon denies the allegations contained in Paragraph  16.

17.     Exxon admits that for a period of time in or around the Spring of 1994 Bridgette Cupparri worked at an Exxon facility as an employee of an independent contractor.  Exxon denies the remainder of the allegations contained in Paragraph 17.

18.     Exxon denies the allegations contained in Paragraph 18.

19.     Plaintiff Spring's association-based LAD claim has been dismissed pursuant to Court Order.  Exxon denies the remaining allegations contained in Paragraph 19.

20.     Plaintiff Spring's association-based LAD claim has been dismissed pursuant to Court Order.  Exxon denies the remaining allegations contained in Paragraph 20.

21.     Exxon denies the allegations contained in Paragraph 21.

**WHEREFORE**, defendant, Exxon demands that the Complaint be dismissed with prejudice and without costs.

## THIRTEENTH COUNT

1.     Exxon repeats its answers to each and every allegation of all prior Counts as if same were set forth at length herein.

2.     Plaintiff Spring's association-based LAD claim has been dismissed pursuant to Court Order.  Exxon denies the remaining allegations contained in Paragraph 2.

3.     Exxon denies the allegations contained in Paragraph 3.

4.     Exxon denies the allegations contained in Paragraph 4.

5.     Plaintiff Spring's association-based LAD claim has been dismissed pursuant to Court Order.  Exxon denies the remaining allegations contained in Paragraph 5.

**WHEREFORE**, defendant, Exxon demands that the Complaint be dismissed with prejudice and without costs.

## FOURTEENTH COUNT

1-4.     Plaintiff Spring's claim of intentional infliction of emotional distress has been dismissed with prejudice.  Accordingly, no response is required.

## FIFTEENTH COUNT

1.     Exxon repeats its answers to each and every allegation of all prior Counts as if same were set forth at length herein.

2.     Plaintiff Spring's wrongful discharge claim has been dismissed with prejudice.  Exxon denies the remaining allegations contained in Paragraph 2.

3-5.     Plaintiff Spring's association-based LAD claim has been dismissed with prejudice.  Exxon denies the remaining allegations contained in Paragraphs 3-5.

6.     Exxon denies the allegations contained in Paragraph 6.

7.     Exxon denies the allegations contained in Paragraph 7.

**WHEREFORE**, defendant, Exxon demands that the Complaint be dismissed with prejudice and without costs.

## SIXTEENTH COUNT

1.     Exxon repeats its answers to each and every allegation of all prior Counts as if same were set forth at length herein.

2.     The equal employment opportunities policies of Exxon are memorialized in written documents.  These documents, as writings, speak for themselves.

3.     Exxon states that the documents referred to in this paragraph, as writings, speak for themselves.

4.     Exxon states that the documents referred to in this paragraph, as writings, speak for themselves.

5-6.     Plaintiff Spring's breach of contract claim has been dismissed with prejudice. Exxon denies the remaining allegations contained in Paragraphs 5-6.

**WHEREFORE**, defendant, Exxon demands that the Complaint be dismissed with prejudice and without costs.

<u>SEVENTEENTH COUNT</u>

1.     Exxon repeats its answers of each and every allegation of all prior Counts as if same were set forth at length herein.

2.     Plaintiff Spring's claim of breach of the implied covenant of good faith and fair dealing has been dismissed with prejudice. Exxon states that the documents referred to in this paragraph, as writings, speak for themselves.

3.     Plaintiff Spring's association-based LAD claim has been dismissed with prejudice. Exxon denies the remaining allegations contained in Paragraph 3.

4.     Exxon denies the allegations contained in Paragraph 4.

**WHEREFORE**, defendant, Exxon demands that the Complaint be dismissed with prejudice and without costs.

<u>EIGHTEENTH COUNT</u>

1-5.     Plaintiff Spring's intentional infliction of emotional distress claim has been dismissed with prejudice. Accordingly, no response is required.

<u>SEPARATE DEFENSES</u>

<u>FIRST DEFENSE</u>

Plaintiffs' Complaint fails to state a claim in whole or part upon which relief can be granted against Exxon.

## SECOND DEFENSE

Plaintiffs' claims are barred by the applicable statutes of limitations and/or the equitable doctrine of laches.

## THIRD DEFENSE

Exxon is entitled to a credit or offset for all wages that Plaintiffs earned or could have earned with reasonable diligence, and by the amount of employment or other benefits received by the Plaintiffs with respect to the period for which any backpay is claimed.  To the extent that Plaintiffs have failed to mitigate their damages, Exxon asserts failure to mitigate as a separate defense.

## FOURTH DEFENSE

Plaintiffs have failed to exhaust applicable administrative remedies.

## FIFTH DEFENSE

Exxon will show that all actions taken with regard to Plaintiffs, Julia C. Poveromo-Spring and Joseph J. Spring, Jr. were taken pursuant to a legitimate non-discriminatory business employment interest.

## SIXTH DEFENSE

Plaintiffs' claims are preempted by the Collective Bargaining Agreement between Exxon and Plaintiffs' Union.

## SEVENTH DEFENSE

Plaintiffs cannot maintain a wrongful discharge complaint or breach of employment claim since they resigned their positions with Exxon.

## EIGHTH DEFENSE

Plaintiffs are guilty of contributory negligence in failing to exercise due and proper care under the existing circumstances and conditions.

### NINTH DEFENSE

Exxon denies any negligence or liability.  However, in the event any negligence or liability whatsoever on Exxon is established, it is not greater than the negligence of the Plaintiffs and said Plaintiffs' negligence being greater, Plaintiffs are barred from recovery.

### TENTH DEFENSE

Exxon reserves its right to amend this Answer and to assert any defenses or claims that it may have against Plaintiffs as authorized by the laws and Federal Rules of Civil Procedure.

### ELEVENTH DEFENSE

Plaintiffs' Complaint fails to set forth a cause of action for punitive damages.

### TWELFTH DEFENSE

Any alleged defamatory statements made by Exxon or Exxon employees are not actionable based upon the qualified immunity privilege.

### THIRTEENTH DEFENSE

Any alleged defamatory statements made by Exxon or Exxon employees are not actionable as the statements were true.

### FOURTEENTH DEFENSE

Plaintiffs have not been subjected to any "unlawful discrimination" or any "unlawful employment practice" by Exxon, and therefore their claims pursuant to New Jersey's Law Against Discrimination, N.J.S.A. 10:5-1 et seq., are barred.

### FIFTEENTH DEFENSE

Plaintiffs do not fall within a class defined by N.J.S.A. 10:5-5(q).

### SIXTEENTH DEFENSE

Exxon, through its employees or agents, did not communicate to any third party a false and defamatory statement of fact concerning the plaintiffs.

## SEVENTEENTH DEFENSE

Plaintiffs' character and reputation were not injured by the actions attributed to Exxon in the Complaint.

## EIGHTEENTH DEFENSE

Exxon, through its employees or agents, did not act with malice and did not make any statements that were knowingly or recklessly false about plaintiffs.

## NINETEENTH DEFENSE

The language attributed to Exxon was not defamatory.

## TWENTIETH DEFENSE

Plaintiffs' claim of invasion of privacy is barred due to a qualified privilege that existed between plaintiffs and Exxon.

## TWENTY-FIRST DEFENSE

Exxon did not invade plaintiffs' privacy or plaintiffs' private seclusion or publish private facts about plaintiffs at any time.

## TWENTY-SECOND DEFENSE

Exxon did not engage in any extreme, wanton or outrageous conduct at any time.

## TWENTY-THIRD DEFENSE

Exxon's actions were not the actual and/or proximate cause of plaintiffs' alleged emotional distress.

## DEMAND FOR SPECIFICATION OF MONEY DAMAGES

We hereby demand that you serve upon us within five (5) days from the date of service of this answer upon you a written specification of the amount of money damages claimed pursuant to R. 4:5-2.

## DEMAND FOR DOCUMENTS REFERRED TO IN PLEADING

Pursuant to R. 4:18-2, demand is made for every document or paper referred to in the Complaint that is neither annexed thereto nor recited verbatim therein, within 5 days of the date hereof.

## JURY DEMAND

Exxon hereby demands trial by jury as to all issues.

Patrick J. Conlon, Esq.
Joseph T. Walsh, III, Esq.
200 Park Avenue
Florham Park, New Jersey 07036
(201) 765-2785
(201) 765-2848

Attorneys for Defendant,
Exxon Corporation

## CERTIFICATION OF MAILING

I, Kathryn Glenn, certify as follows:

1. I made service of the within Answer to the Complaint on behalf of the herein named defendant Exxon Corporation upon Stuart K. Santiago, Esq. by mailing a clear copy of the same to him at his offices by First Class Mail.

2. I certify that the original of the within Answer to Complaint was hand delivered to the Clerk, United States District Court, Newark, New Jersey, pursuant to the direct filing system on this same date.

3. I further certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

By: _____
    Kathryn Glenn

DATED: October 28, 1997