

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF NEW JERSEY
(NEWARK VICINAGE)

STUART K. SANTIAGO, ESQ. (SKS3744)
1062 Westfield Avenue
Rahway, New Jersey 07065
(908) 381-4190
Attorney for Plaintiffs



FILED

MAR 9, 1998

AT 8:30 ... M 12:30 f.M.
WILLIAM T. WALSH
CLERK

---

JULIA C. POVEROMO-SPRING,
and JOSEPH J. SPRING, JR.,                    :

            Plaintiffs,                    :    Civil Action No. 96 - 398 (JAG)

            vs.                    :

EXXON CHEMICAL COMPANY,                    :    **FIRST AMENDED COMPLAINT AND**
*et als.,*                                               **JURY DEMAND**

            Defendants.                    :

                             :
_____x

---

      Plaintiffs, JULIA C. POVEROMO-SPRING and JOSEPH J. SPRING, JR., residing at 96

North Grant Avenue, in the Colonia Section of the Township of Woodbridge, County of

Middlesex and State of New Jersey, complaining of defendants, herein, allege as follows:

### FIRST COUNT

    1.    At all times mentioned, defendant, EXXON CHEMICAL COMPANY,

("**EXXON**")was a corporation organized and existing under the laws of the State of New Jersey,

engaged in the business of developing and selling motor oil, with offices and laboratories located

at 1900 East Linden Avenue, in the City of Linden, and at Park and New Brunswick Avenue in the Bayway Section of the City of Linden, both in the County of Union and State of New Jersey.

2.     At certain specified times mentioned herein, defendant, LEN LEVITT, was Manager of Financial Services of defendant, EXXON CHEMICAL COMPANY, at Park and Brunswick Avenue, in the Bayway Section of the City of Linden, County of Union and State of New Jersey.

3.     At certain specified times mentioned herein, defendant, RICHARD DOOLEY, was Supervisor of the Financial Division of defendant, EXXON CHEMICAL COMPANY, at 1900 East Linden Avenue, in the City of Linden, County of Union and State of New Jersey.

4.     At certain specified times mentioned herein, defendant, JOHN B. SEKEL, M.D., was an employee of, or, contractor with, the Medical Department at the Linden Technology Center (LTC) of defendant, EXXON CHEMICAL COMPANY, at 1900 East Linden Avenue, in the City of Linden, County of Union and State of New Jersey.

5.     At certain specified times mentioned herein, defendant, DIANE THOMAS, was an employee in the Human Resources Department of defendant, EXXON CHEMICAL COMPANY, at 1900 East Linden Avenue, in the City of Linden, County of Union and State of New Jersey.

6.     At certain specified times mentioned herein, defendant, KATHY TEEL, was an employee in the Financial Division of defendant, EXXON CHEMICAL COMPANY, at 1900 East Linden Avenue, in the City of Linden, County of Union and State of New Jersey.

7.     At certain specified times mentioned herein, defendant, VALERIE BRACKETT, M.D., was Director of the Linden Technology Center (LTC) and Bayway Chemical Plant Medical Departments of defendant, EXXON CHEMICAL COMPANY, at 1900 East Linden Avenue, in

the City of Linden, and at Park and Brunswick Avenue in the Bayway Section of the City of Linden, both in the County of Union and State of New Jersey.

8.     At certain specifed times mentioned herein, defendant, MARGO MILLER, R.N. was a Registered Nurse at the Linden Technology Center (LTC) Medical Department of defendant, EXXON CHEMICAL COMPANY, at 1900 East Linden Avenue, in the City of Linden, County of Union and State of New Jersey.

9.     At certain specified times mentioned herein, defendant, JOHN HEDIN, was the Site Manager of the Linden Technology Center (LTC) of defendant, EXXON CHEMICAL COMPANY, at 1900 East Linden Avenue, in the City of Linden, County of Union and State of New Jersey.

10.     At certain specified times mentioned herein, defendant, SCOTT D. SHERMAN, was the Human Resources Representative assigned to the PARAMINS Technology Division of defendant, EXXON CHEMICAL COMPANY, at 1900 East Linden Avenue, in the City of Linden, County of Union and State of New Jersey.

11.     At certain specified times mentioned herein, defendant, HAROLD EINHORN, was Chief Counsel for the Law Department of defendant, EXXON CHEMICAL COMPANY, at 1900 East Linden Avenue, in the City of Linden, County of Union and State of New Jersey.

12.     At cerain specified times mentioned herein, defendant, FRAN SCIACCHITANO, was the Scheduling Office Supervisor of the PARAMINS Technology Division (PMTD) of defendant, EXXON CHEMICAL COMPANY, at 1900 East Linden Avenue, in the City of

Linden, County of Union and State of New Jersey.

13.    At certain specified times mentioned herein, defendant, PETE TRELENBERG, was the Section Leader of the Marketing Technical Services (MTS) Department of the PARAMINS Technology Division (PMTD) of defendant, EXXON CHEMICAL COMPANY, at 1900 East Linden Avenue, in the City of Linden, County of Union and State of New Jersey.

14.    At certain specified times mentioned herein, defendants, JEAN GIBKI, HOLLY KING, CAROL BENKERT, and MARILYN GOYETTE, were non-management employees in the PARAMINS Technology Division (PMTD) of defendant, EXXON CHEMICAL COMPANY, at 1900 East Linden Avenue, in the City of Linden, County of Union and State of New Jersey.

15.    At certain specified times mentioned herein, defendant, PAUL LIVAUDAIS, held a Management position in the PARAMINS Division of defendant, EXXON CHEMICAL COMPANY, at 1900 East Linden Avenue, in the City of Linden, County of Union and State of New Jersey.

16.    At certain specified times mentioned herein, defendant, LEN BERLIN, was Manager of Financial Services of defendant, EXXON CHEMICAL COMPANY, at 1900 East Linden Avenue, in the City of Linden, County of Union and State of New Jersey.

17.    At certain specified times mentioned herein, defendant, DOUG CRANWELL, was Section Head of Information Services of defendant, EXXON CHEMICAL COMPANY, at 1900 East Linden Avenue, in the City of Linden, County of Union and State of New Jersey.

18.    At certain specified times mentioned herein, defendant, FLORENCE KELLY, was

a Supervisor of the Library and Media Center of the Technology Services Division (TCSD) of

defendant, EXXON CHEMICAL COMPANY, at 1900 East Linden Avenue, in the City of

Linden, County of Union and State of New Jersey.

19.   At certain specified times mentioned herein, defendant, JUDY KRIEG, was a

Supervisor of the Library and Media Center of the Technology Services Division (TCSD) of

defendant, EXXON CHEMICAL COMPANY, at 1900 East Linden Avenue, in the City of

Linden, County of Union and State of New Jersey.

20.   At certain specified times mentioned herein, defendants, JULIE KALE, KIM

BROWN and GLORIA MORGAN, were non-management employees in the Library and Media

Center of the Technology Services Division (TCSD) of defendant, EXXON CHEMICAL

COMPANY, at 1900 East Linden Avenue, in the City of Linden, County of Union and State of

New Jersey.

21.   At certain specified times mentioned herein, defendant, VICKI LUQUETTE, was

Manager of the Human Resources Department of defendant, EXXON CHEMICAL COMPANY,

at East Linden Avenue, in the City of Linden, County of Union and State of New Jersey.

22.   At certain specified times mentioned herein, defendant, ROSE ANN FOEGE, was

an employee in the Human Resources Department of defendant, EXXON CHEMICAL

COMPANY, at Park and Brunswick Avenue, in the Bayway Section of the City of Linden,

County of Union and State of New Jersey.

23.   At certain specified times mentioned herein, defendant, JOHN TOTTE, was

Director of Human Resources of defendant, EXXON CHEMICAL COMPANY, at Park and Brunswick Avenue, in the Bayway Section of the City of Linden, County of Union and State of New Jersey.

24.    At certain specified times mentioned herein, defendant, STAN TEBBE, was Vice President of the PARAMINS Division of defendant, EXXON CHEMICAL COMPANY, at 1900 East Linden Avenue, in the City of Linden, County of Union and State of New Jersey.

25.    At certain specified times mentioned herein, defendant, PAUL BARBER, was Vice President of the PARAMINS Technology Division of defendant, EXXON CHEMICAL COMPANY, at 1900 East Linden Avenue, in the City of Linden, County of Union and State of New Jersey.

26.    At certain specified times mentioned herein, defendant, ROBERT HURLEY, was a non-management employee in the Technology Services Division of defendant, EXXON CHEMICAL COMPANY, at 1900 East Linden Avenue, in the City of Linden, County of Union and State of New Jersey.

27.    At certain specified times mentioned herein, defendant, BOB JOHNSON, was Manager of the Marketing Technical Services (MTS) Department of the PARAMINS Technology Division of defendant, EXXON CHEMICAL COMPANY, at 1900 East Linden Avenue, in the City of Linden, County of Union and State of New Jersey.

28.    At certain specified times mentioned herein, defendant, CHUNG KUN SHIH, was Manager of the Technology Support Services (TSS) Department of the PARAMINS Technology

Division of defendant, EXXON CHEMICAL COMPANY, at 1900 East Linden Avenue, in the City of Linden, County of Union and State of New Jersey.

29.     At certain specified times metioned herein, defendant, RALPH SPOHN, was Section Leader of the Technology Support Services (TSS) Department of the PARAMINS Technology Division of defendant, EXXON CHEMICAL COMPANY, at 1900 East Linden Avenue, in the City of Linden, County of Union and State of New Jersey.

30.     At all times mentioned, defendant, EXXON CHEMICAL AMERICAS, was a corporation organized and existing under the laws of the State of Texas, engaged in the business of developing and marketing petrochemicals, with offices located at Katy Freeway, in the City of Houston, County of Harris and State of Texas.

31.     At certain specified times mentioned herein, defendant, KAREN JOYCE, was Americas IM Manufacturing Manager of defendant, EXXON CHEMICAL AMERICAS, at Katy Freeway, in the City of Houston, County of Harris and State of Texas.

32.     At all times mentioned, defendant, EXXON RESEARCH AND ENGINEERING COMPANY, was a corporation organized and existing under the laws of the State of New Jersey, engaged in the business of research, development and engineering, with offices and laboratories located at 1900 East Linden Avenue, in the City of Linden, County of Union, and at 180 Park Avenue, in the Borough of Florham Park, County of Morris, and both of the State of New Jersey.

33.     At certain specified times mentioned herein, defendant, JACK GEEHR, was Manager of Human Resources and Labor Relations of defendant, EXXON RESEARCH AND

ENGINEERING COMPANY, at 1900 East Linden Avenue, in the City of Linden, County of

Union and State of New Jersey.

34.    At certain specified times mentioned herein, defendant, ELLIE LEWIS, was a

Senior IRA Information Technician of defendant, EXXON RESEARCH AND ENGINEERING

COMPANY, at 1900 East Linden Avenue, in the City of Linden, County of Union and State of

New Jersey.

35.    At all times mentioned, defendant, INDEPENDENT LABORATORY

EMPLOYEES' UNION, INC. was a labor union organized and existing under the laws

of the State of New Jersey, engaged in the collective bargaining and representation of non-

management employees of defendant, EXXON CHEMICAL COMPANY, with offices located at

225 North Wood Avenue, in the City of Linden, County of Union and State of New Jersey.

36.    At certain specified times mentioned herein, defendants, WILLIAM CULLEN and

DONNA HERRAN, were Union Officials of defendant, INDEPENDENT LABORATORY

EMPLOYEES' UNION, INC., at 225 North Wood Avenue, in the City of Linden, County of

Union and State of New Jersey.

37.    At all times mentioned, plaintiff, JULIA C. POVEROMO-SPRING, was a non-

management employee of defendant, EXXON CHEMICAL COMPANY, at 1900 East Linden

Avenue, in the City of Linden, County of Union and State of New Jersey.

38.    At certain specified times mentioned herein, up to and including December 31,

1993, plaintiff, JOSEPH J. SPRING, JR., was a non-management employee of defendant,

EXXON CHEMICAL COMPANY, at 1900 East Linden Avenue, in the City of Linden, County of Union and State of New Jersey.

39.     In March, 1965, plaintiff, JULIA C. POVEROMO-SPRING, was hired by defendant, EXXON RESEARCH AND ENGINEERING COMPANY, then known as Esso Research and Engineering Company, as a mailroom clerk, with regular employee status.

40.     Plaintiff, JULIA C. POVEROMO-SPRING, received two (2) job promotions while working for defendant, EXXON RESEARCH AND ENGINEERING COMPANY, then known as Esso Research and Engineering Company, before leaving in July, 1971, to start a family.

41.     In April, 1985, plaintiff, JULIA C. POVEROMO-SPRING, returned to work for defendant, EXXON RESEARCH AND ENGINEERING COMPANY, as a part-time litigation assistant, with non-regular employee status, reporting to Dr. Alex Popkin and later to George Ciprios.

42.     In 1988, plaintiff, JULIA C. POVEROMO-SPRING, transferred to defendant, EXXON CHEMICAL COMPANY, and was assigned to the position of Information Systems Technician, with regular employee status, for the PARATELL Engine Lab of the PARAMINS Technology Division of defendant, EXXON CHEMICAL COMPANY.

43.     From April, 1988 to September, 1990, plaintiff, JULIA C. POVEROMO-SPRING, worked in the PARATELL Engine Lab of the PARAMINS Technology Division of defendant, EXXON CHEMICAL COMPANY, under the supervision of defendant, FRAN SCIACCHITANO.

44.   During the period April, 1988 to September 4, 1990, defendant, FRAN SCIACCHITANO, was Supervisor of the PARATELL Engine Lab of the PARAMINS Technology Division of defendant, EXXON CHEMICAL COMPANY.

45.   During the period April, 1988 to September 4, 1990, defendant, FRAN SCIACCHITANO, would appoint plaintiff, JULIA C. POVEROMO-SPRING, as Supervisor on those occasions when defendant, FRAN SCIACCHITANO, was to be absent from work.

46.   On January 5, 1990, defendant, FRAN SCIACCHITANO, performed a written job performance evaluation of plaintiff, JULIA C. POVEROMO-SPRING, in which she evaluated plaintiff's overall job performance as "Above What is Normally Expected," and determined that plaintiff "will be eligible for earned promotion in the minimum time."

47.   On September 4, 1990, plaintiff, JULIA C. POVEROMO-SPRING, was promoted to Business Services Technician, with regular employee status, in the Financial Division of the Technology Services Division of defendant, EXXON CHEMICAL COMPANY. From September 4, 1990 through early November, 1990, plaintiff performed her job duties in Buildin #24, reporting to Ceal O'Connell.

48.   From November, 1990 through mid-July, 1991, plaintiff, JULIA C. POVEROMO-SPRING, was relocated to Building #1 where she received the title of PARAMINS Engine Testing Accountant, reporting to Vijay Arora.

49.   On or about July 10, 1991, shortly before plaintiff, JULIA C. POVEROMO-SPRING, left for vacation, she was advised by her supervisor, Vijay Arora, that upon her return

to work, she would be relocated to Building #24, second floor, and report to defendant,

RICHARD DOOLEY. In her new location, plaintiff was to perform the same duties as she

previousl;y performed in Building #1 as PARAMINS Engine Testing Accountant.

50.    On or about July 14, 1991, while on vacation, plaintiff, JULIA C. POVEROMO-

SPRING, became seriously ill when she suffered an unknown illness. In August, 1991, she

underwent a steriotaxic brain biopsy which showed multiple enhanced masses. Such illness caused

her to take sick leave from work for approximately three and one-half (3 1/2) months.

51.    By virtue of the aforementioned illness, plaintiff, JULIA C. POVEROMO-

SPRING, was and continues to be a "handicapped person" as defined by the New Jersey Law

Against Discrimination, N.J.S.A. 10:5-5(q) and a "qualified individual with a disability" as defined

by the Americans with Disabilities Act, 42 U.S.C.A. Sec. 12111 (8).

52.    On October 10, 1991, plaintiff, JULIA C. POVEROMO-SPRING, notified

defendant, MARGO MILLER, R.N., that she expected to return to to work within two (2)

weeks, with certain work restrictions.

53.    On or about October 21, 1991, plaintiff, JULIA C. POVEROMO-SPRING,

accompanied by her daughter, Christina M. Spring, hand-delivered to defendant, MARGO

MILLER, R.N., a copy of her doctor's note ordering certain temporary restrictions, namely, that

she be allowed to work no more than six (6) hours per day and no more than thirty (30) hours per

week until she received her next MRI in December, 1991; that she be allowed to work in a

building with an elevator; that she be placed in an office with a window; and that she be allowed

to work in an environment free from certain stress. At this meeting, plaintiff, JULIA C.

POVEROMO-SPRING, advised defendant, MARGO MILLER, R.N., that her present workplace in Building #24, second floor, did not afford such accommodations, whereupon defendant, MARGO MILLER, R.N., reassured plaintiff that everything would be arranged by Monday, October 28, 1991.

54.     On October 28, 1991, when plaintiff, JULIA C. POVEROMO-SPRING, returned to work, defendant, RICHARD DOOLEY, the Financial Supervisor, refused to make any reasonable accommodations for her, even though the restrictions were medically presribed and to do so would not have caused defendant, EXXON CHEMICAL COMPANY, any undue hardship. Defendant, JOHN B. SEKEL, M.D., of the Medical Department of defendant, EXXON CHEMICAL COMPANY, after speaking with plaintiff's private physician without plaintiff's authorization, participated in the making of this decision and approved same.

55.     Plaintiff, JULIA C. POVEROMO-SPRING, complained to defendant, HAROLD EINHORN, Chief Counsel of the Law Department of defendant, EXXON CHEMICAL COMPANY, of the decision denying her reasonable accommodations for her handicapped condition, but he ignored her complaints.

56.     On October 28, 1991, plaintiff, JULIA C. POVEROMO-SPRING, met with defendants, DONNA HERRAN and WILLIAM CULLEN, the union officials of defendant, INDEPENDENT LABORATORY EMPLOYEES' UNION, INC., together with defendant, MARGO MILLER, R.N., for the purpose of discussing the decision of defendant, RICHARD DOOLEY, not to allow any accommodations for plaintiff's handicapped condition. Plaintiff was instructed to "go home and wait for phone call from us regarding return to work."

57.    After their October 28, 1991 meeting with defendant, defendant, MARGO

MILLER, R.N., defendants, DONNA HERRAN and WILLIAM CULLEN, advised plaintiff,

JULIA C. POVEROMO-SPRING, to seek a transfer from Financial Division and defendant,

RICHARD DOOLEY. Plaintiff, having been misrepresented by defendants, DONNA HERRAN

and WILLIAM CULLEN, at the aforementioned meeting, submitted, under duress, a written

request for a job transfer, requesting a comparable position with the same salary, overtime

potential, benefits and opportunities for promotion.

58.    On October 29, 1991, defendant, RICHARD DOOLEY, sent a written

memorandum to other employees of defendant, EXXON CHEMICAL COMPANY, wherein he

notified them of his decision denying plaintiff of any and all accommodations. The recipients of

this memorandum included the following defendants: LEN LEVITT, Manager of Financial

Services; KATHY TEEL, an employee in the Financial Division; DIANE THOMAS, an employee

in the Human Resources Department; and VALERIE BRACKETT, M.D. of the Medical

Department.

59.    On October 31, 1991, defendant, FRAN SCIACCHITANO had a meeting with

defendant, RICHARD DOOLEY, wherein they discussed the new job description of plaintiff,

JULIA C. POVEROMO-SPRING.

60.    On November 4, 1991, defendant, FRAN SCIACCHITANO, sent an inter-office

correspondence letter to defendants, JOHN HEDIN, Site Manager of the Linden Technology

Center of defendant, EXXON CHEMICAL COMPANY, and DIANE THOMAS, an employee

in the Human Resoures Department of defendant, EXXON CHEMICAL COMPANY, wherein

defendant, FRAN SCIACCHITANO, outlined future plans for plaintiff, JULIA C. POVEROMO-SPRING, expressing reservations about plaintiff's ability to perform her job due to her handicap.

61.     On November 12, 1991, defendant, EXXON CHEMICAL COMPANY, transferred plaintiff, JULIA C. POVEROMO SPRING, from the Financial Division, where she was to have resumed working as a PARAMINS Engine Testing Accountant under defendant, RICHARD DOOLEY, to the Scheduling Office, where she was to work as a Systems Technician under defendant, FRAN SCIACCHITANO.

62.     At her new job with the Scheduling Office, plaintiff, JULIA C. POVEROMO-SPRING, was placed in a demoted position, being placed in a lower pay schedule, receiving a reduction in status and overtime potential, and being deprived of her previous opportunity for a promotion within two (2) years from Regular Status Employee to Senior Status Employee.

63.     Defendants, RICHARD DOOLEY and FRAN SCIACCHITANO, designed plaintiff's new job description so that she would be required to perform both financial and scheduling duties, thereby continuing her former duties from the Financial Division while performing the new duties of the Scheduling Office, but at a reduced pay schedule, status, overtime potential and opportunity for promotion. Plaintiff's demoted status has continued and carried over into the present.

64.     Defendant, RICHARD DOOLEY, in violation of the New Jersey Law Against Discrimination, N.J.S.A. 10:5-4.1, the Regulations pursuant thereto, N.J.A.C. 13:13-2.5, and the Americans with Disabilities Act, 42 U.S.C.A. Sec. 12112(a)(5)(A) and (B), has unlawfully

discriminated against plaintiff, JULIA C. POVEROMO-SPRING, by refusing to make any reasonable accommodations for her handicapped condition.

65. Defendants, EXXON CHEMICAL COMPANY, LEN LEVITT, KATHY TEEL, DIANE THOMAS, JOHN HEDIN, VALERIE BRACKETT, M.D., MARGO MILLER, R.N. JOHN B. SEKEL, M.D., and HAROLD EINHORN, in violation of the New Jersey Law Against Discrimination, N.J.S.A. 10:5-4.1, the Regulations pursuant thereto, N.J.A.C. 13:13-2.5, and the Americans with Disabilities Act, 42 U.S.C.A. Sec. 12112(a)(5)(A) and (B), have unlawfully discriminated against plaintiff, JULIA C. POVEROMO-SPRING, by approving the decision of defendant, RICHARD DOOLEY, denying plaintiff reasonable accommodations for her handicapped condition, and failing to take corrective action for such discriminatory mistreatment of plaintiff.

66. Defendants, FRAN SCIACCHITANO and RICHARD DOOLEY, in violation of the New Jersey Law Against Discrimination, N.J.S.A. 10:5-4.1 and the Americans with Disabilities Act, 42 U.S.C.A. Sec. 12112(a), have unlawfully discriminated against plaintiff, JULIA C. POVEROMO-SPRING, by demoting her to the position of Systems Technician due to a non-job related handicap.

67. Defendants, EXXON CHEMICAL COMPANY, JOHN HEDIN and DIANE THOMAS, in violation of the New Jersey Law Against Discrimination, N.J.S.A. 10:5-4.1 and the Americans with Disabilities Act, 42 U.S.C.A. Sec. 12112(a), have unlawfully discriminated against plaintiff, JULIA C. POVEROMO-SPRING, by approving the decision of defendants, RICHARD DOOLEY and FRAN SCIACCHITANO, demoting plaintiff to the position of

Systems Technician due to a non-job related handicap, and failing to take corrective action for such discriminatory mistreatment of plaintiff.

68.     Defendants, INDEPENDENT LABORATORY EMPLOYEES' UNION INC., DONNA HERRAN and WILLIAM CULLEN, in violation of the New Jersey Law Against Discrimination, N.J.S.A. 10:5-4.1, the Regulations pursuant thereto, N.J.A.C. 13:13-2.7(b) and (c), and the Americans with Disabilities Act, 42 U.S.C.A. Sec. 12112(a), have unlawfully discriminated against plaintiff, JULIA C. POVEROMO-SPRING, by misrepresenting her in their dealings with management because of her non-job related handicap, and by causing or attempting to cause management to discriminate against her because of her non-job related handicap.

69.     The conduct of defendants, RICHARD DOOLEY, EXXON CHEMICAL COMPANY, LEN LEVITT, KATHY TEEL, DIANE THOMAS, JOHN HEDIN, VALERIE BRACKETT, M.D., MARGO MILLER, R.N., JOHN B. SEKEL, M.D., HAROLD EINHORN, FRAN SCIACCHITANO, INDEPENDENT LABORATORY EMPLOYEES' UNION, INC., DONNA HERRAN and WILLIAM CULLEN, was malicious, willful, wanton, despicable, oppressive and in conscious and/or reckless disregard of the rights of plaintiff, JULIA C. POVEROMO-SPRING. As a direct and proximate result of their willful and malicious discrimination, plaintiff was compelled to use up additional sick time and has lost and will continue to lose substantial wages and other benefits of employment, including but not limited to job promotions, overtime pay, prospective retirement benefits, social security and fringe benefits; has suffered and will continue to suffer humiliation, embarrassment, emotional distress, and mental anguish.

WHEREFORE, plaintiff, JULIA C. POVEROMO-SPRING, demands judgment against defendants, RICHARD DOOLEY, EXXON CHEMICAL COMPANY, LEN LEVITT, KATHY TEEL, DIANE THOMAS, JOHN HEDIN, VALERIE BRACKETT, M.D., MARGO MILLER, R.N., JOHN B. SEKEL, M.D., HAROLD EINHORN, FRAN SCIACCHITANO, INDEPENDENT LABORATORY EMPLOYEES' UNION, INC., DONNA HERRAN and WILLIAM CULLEN, for compensatory damages, punitive damages, equitable relief by promoting plaintiff to a higher and deserved position, attorneys fees, interest, costs of suit, and for such other relief as the Court may deem equitable and just.

## SECOND COUNT

1.      Plaintiff, JULIA C. POVEROMO-SPRING, repeats each and every allegation of the FIRST COUNT as if same were set forth herein at length.

2.      Plaintiff, JULIA C. POVEROMO-SPRING, had worked for defendant, FRAN SCIACCHITANO, the current Scheduling Office Supervisor, from April, 1988 to September 4, 1990, during which time plaintiff received an excellent job evaluation, as well as temporary supervisory privileges and a promotion.

3.      After defendant, FRAN SCIACCHITANO, learned of plaintiff's handicap, her whole attitude towards plaintiff changed dramatically.

4.    On November 4, 1991, defendant, FRAN SCIACCHITANO, submitted a skeptical job review of plaintiff to other management personnel due to plaintiff's handicap.

5.    From November , 1991 through May, 1992, defendant, FRAN SCIACCHITANO, discriminated against plaintiff, JULIA C. POVEROMO-SPRING, because of her handicap by habitually treating her in a disparaging, disparate and hostile manner, giving her dirty looks, yelling at her, slamming books down in front of her, making her feel intellectually inferior, and otherwise harassing her and making her feel unwelcome due to her handicap.

6.    During the aforementioned period of time, defendant, FRAN SCIACCHITANO, further discriminated against plaintiff, JULIA C. POVEROMO-SPRING, by fostering and approving similar discriminatory treatment of plaintiff by plaintiff's co-workers, namely, defendants, HOLLY KING, JEAN GIBKI, and MARILYN GOYETTE, as well as by defendant, PETE TRELENBERG, the Section Leader of the Marketing Technical Services Department of defendant, EXXON CHEMICAL COMPANY.

7.    On February 3, 1992, plaintiff, JULIA C. POVEROMO-SPRING, suffered a seizure at work. Thereafter, defendant, FRAN SCIACCHITANO, had a meeting with defendant, SCOTT D. SHERMAN, the Human Resources Representative of the PARAMINS Technology Division, and defendant, MARGO MILLER, R.N. of the Medical Department, wherein they discussed plaintiff's seizure at work. Together, defendants resolved that plaintiff should stay out of work until further notice.

8     From March 10, 1992 through May, 1992, defendants, FRAN SCIACCHITANO, HOLLY KING, JEAN GIBKI, MARILYN GOYETTE and PETE TRELENBERG,

discriminated against plaintiff because of her handicap by treating her with an even greater degree of hostility and disparagement than they did before she had her seizure.

9.  During the aforementioned period of time, plaintiff, JULIA C. POVEROMO-SPRING, complained of such harassment, disparaging, disparate and discriminatory treatment to defendants, PAUL BARBER, Vice President of the PARAMINS Technology Division; VICKI LUQUETTE, Manager of the Human Resources Department; JACK GEEHR, Manager of Human Resources and Labor Relations, and HAROLD EINHORN, Chief Counsel for the Law Department. Plaintiff's complaints, however, were ignored by these defendants.

10.  The conduct of defendants, FRAN SCIACCHITANO, HOLLY KING, JEAN GIBKI, MARILYN GOYETTE and PETE TRELENBERG, was malicious, willful, wanton, despicable, oppressive and in conscious and/or reckless disregard of the rights of plaintiff, JULIA C. POVEROMO-SPRING, and a violation of the New Jersey Law Against Discrimination, N.J.S.A. 10:5-4.1 and the Americans with Disabilities Act, 42 U.S.C.A. Sec. 12112(a).

11.  Defendants, PAUL BARBER, VICKI LUQUETTE, JACK GEEHR, HAROLD EINHORN and EXXON CHEMICAL COMPANY, in violation of the New Jersey Law Against Discrimination, N.J.S.A. 10:5-4.1 and the Americans with Disabilities Act, 42 U.S.C.A. Sec. 12112(a), have unlawfully discriminated against plaintiff, JULIA C. POVEROMO-SPRING, by ignoring her ongoing complaints of harassment disparaging and disparate treatment by her supervisor and co-employees, approving such disrciminatory treatment of plaintiff and failing to take corrective action for the discriminatory mistreatment of plaintiff.

12.  As a direct and proximate result of the willful and malicious discrimination of

defendants, FRAN SCIACCHITANO, HOLLY KING, JEAN GIBKI, MARILYN GOYETTE, PETE TRELENBERG, PAUL BARBER, VICKI LUQUETTE, JACK GEEHR, HAROLD EINHORN and EXXON CHEMICAL COMPANY plaintiff suffered a seizure and severe physical injuries; was compelled to use up additional sick time; incurred substantial expenses for hospitalization and medical treatment; and has suffered and will continue to suffer severe humiliation, embarrassment, emotional distress and mental anguish.

WHEREFORE, plaintiff, JULIA C. POVEROMO-SPRING, demands judgment against defendants, FRAN SCIACCHITANO, HOLLY KING, JEAN GIBKI, MARILYN GOYETTE and PETE TRELENBERG, PAUL BARBER, VICKI LUQUETTE, JACK GEEHR, HAROLD EINHORN and EXXON CHEMICAL COMPANY, for compensatory damages, punitive damages, attorneys fees, interest, costs of suit, and for such other relief as the Court may deem equitable and just.

## THIRD COUNT

1.    Plaintiff repeats each and every allegation of the FIRST and SECOND COUNTS as if same were set forth herein at length.

2.    On October 7, 1991 and October 24, 1991, JOHN B. SEKEL, M.D., discussed medical condition of plaintiff, JULIA C. POVEROMO-SPRING, with plaintiff's private physician. Upon information and belief, defendant, JOHN B. SEKEL, M.D., further discussed plaintiff's medical condition with certain employees of defendant, EXXON CHEMICAL COMPANY.

3.   On December 23, 1991, defendants, FRAN SCIACCHITANO,  DIANE THOMAS and MARGO MILLER, R.N., had a meeting wherein they discussed the medical condition and work performance of plaintiff, JULIA C. POVEROMO-SPRING.

4.   Similarly, on February 23, 1992, defendants, FRAN SCIACCHITANO, SCOTT D. SHERMAN and MARGO MILLER, R.N. had a meeting wherein they discussed the medical condition of plaintiff, JULIA C. POVEROMO-SPRING, and ability to perform her work.

5.   All of the aforementioned discussions and meetings regarding plaintiff's medical condition were conducted with the approval of defendant, EXXON CHEMICAL COMPANY, but without the authorization of plaintiff, JULIA C. POVEROMO SPRING, in violation of her employment Contract.

6.   Article XVI, Section 3, paragraph E of plaintiff's Employment Contract with defendant, EXXON CHEMICAL COMPANY, prohibits the disclosure of an employee's medical information by the Medical Division of defendant, EXXON CHEMICAL COMPANY, without the prior authorization of the employee. Such disclosures of plaintiff's medical information by defendant, MARGO MILLER, R.N. with the approval defendant. EXXON CHEMICAL COMPANY, constituted a breach of contract and a violation of plaintiff's right to privacy.

7.   Defendants, FRAN SCIACCHITANO, DIANE THOMAS, and SCOTT D. SHERMAN, with the approval of defendant, EXXON CHEMICAL COMPANY, encouraged defendant, MARGO MILLER, R.N., to breach plaintiff's Employment Contract, without justification and with no lawful motive. The conduct of all these defendants was malicious, willful,

wanton, despicable, oppressive and in conscious and/or reckless disregard of the rights of plaintiff,
JULIA C. POVEROMO-SPRING.

8.    Defendant, JOHN B. SEKEL, M.D., breached plaintiff's Employment Contract or
encouraged defendant, EXXON CHEMICAL COMPANY, to breach plaintiff's Employment
Contract, without justification and with no lawful motive. The conduct of this defendant was
malicious, willful, wanton, despicable, oppressive and in conscious and/or reckless disregard of
the rights of plaintiff, JULIA C. POVEROMO-SPRING.

9.    As a direct and proximate result of this breach of plaintiff's Employment Contract
by defedants, EXXON CHEMICAL COMPANY, MARGO MILLER, R.N. and JOHN B.
SEKEL, M.D. and the accompanying tortious interference of such contract by defendants,
EXXON CHEMICAL COMPANY, FRAN SCIACCHITANO, DIANE THOMAS, SCOTT
D. SHERMAN and JOHN B. SEKEL, M.D., plaintiff, JULIA C. POVEROMO-SPRING, was
compelled to use up additional sick time and has lost and will continue to lose substantial wages
and other benefits of employment, including but not limited to job promotions, overtime pay,
prospective retirement benefits, social security and fringe benefits; has suffered and will continue
to suffer seizures, severe physical injuries, humiliation, embarrassment, emotional distress, and
mental anguish..

WHEREFORE, plaintiff, JULIA C. POVEROMO-SPRING, demands judgment against
defendants, EXXON CHEMICAL COMPANY, MARGO MILLER, R.N., JOHN B. SEKEL,
M.D., FRAN SCIACCHITANO, DIANE THOMAS and SCOTT D. SHERMAN, for
compensatory damages, punitive damages, attorneys fees, interest, costs of suit, and for such

other relief as the Court may deem equitable and just.

## FOURTH COUNT

1.     Plaintiff repeats each and every allegation of the FIRST, SECOND, and THIRD

COUNTS as if same were set forth herein at length.

2.     Plaintiff's Employment Contract contained an implied-in-law covenant of good

faith and fair dealing that neither party would do anything to injure the right of the other party to

enjoy the benefits of the contract.

3.     In disclosing plaintiff's medical information to management employees without

plaintiff's authorization, defendants, MARGO MILLER, R.N., JOHN B. SEKEL, M.D. and

EXXON CHEMICAL COMPANY, acted maliciously, willfully, wantonly, in bad faith and in

conscious and/or reckless disregard of the rights of plaintiff, JULIA C. POVEROMO-SPRING.

4.     As a direct and proximate result of the bad faith conduct of defendants, MARGO

MILLER, R.N., JOHN B. SEKEL, M.D. and EXXON CHEMICAL COMPANY, plaintiff has

suffered severe emotional, physical and pecuniary damages.

WHEREFORE, plaintiff, JULIA C. POVEROMO-SPRING, demands judgment against

defendants, MARGO MILLER, R.N., JOHN B. SEKEL, M.D. and EXXON CHEMICAL

COMPANY, for punitive damages, compensatory damages, attorneys fees, interest, costs of suit,

and for such other relief as the Court may deem equitable and just.

## FIFTH COUNT

1.    Plaintiff repeats each and every allegation of the FIRST, SECOND, THIRD, and FOURTH COUNTS as if same were set forth herein at length.

2.    Defendants, EXXON CHEMICAL COMPANY, LEN LEVITT, KATHY TEEL, DIANE THOMAS, JOHN HEDIN, VALERIE BRACKETT, M.D., MARGO MILLER, FRAN SCIACCHITANO, INDEPENDENT LABORATORY EMPLOYEES' UNION, INC., DONNA HERRAN, WILLIAM CULLEN, HOLLY KING, JEAN GIBKI, MARILYN GOYETTE, PETE TRELENBERG, SCOTT D. SHERMAN, HAROLD EINHORN and JOHN B. SEKEL, M.D., acted intentionally, maliciously and with a design to punish and humiliate plaintiff, JULIA C. POVEROMO-SPRING.

3.    The aforementioned defendants knew or should have known that their intentional actions would cause emotional, physical and pecuniary harm to plaintiff.

4.    Plaintiff, JULIA C. POVEROMO-SPRING, continues to suffer humiliation, embarrasment, emotional, physical and pecuniary harm as a direct and proximate result of the intentional infliction of emotional distress by the aforementioned defendants.

WHEREFORE, plaintiff, JULIA C. POVEROMO-SPRING, demands judgment against defendants, EXXON CHEMICAL COMPANY, LEN LEVITT, KATHY TEEL, DIANE THOMAS, JOHN HEDIN, VALERIE BRACKETT, M.D., MARGO MILLER, FRAN SCIACCHITANO, INDEPENDENT LABORATORY EMPLOYEES' UNION, INC., DONNA HERRAN, WILLIAM CULLEN, HOLLY KING, JEAN GIBKI, MARILYN GOYETTE, PETE

TRELENBERG, SCOTT D. SHERMAN, HAROLD EINHORN and JOHN B. SEKEL, M.D.,

for punitive damages, compensatory damages, attorneys fees, interest, costs of suit, and for such

other relief as the Court may deem equitable and just.

## SIXTH COUNT

1.      Plaintiff repeats each and every allegation of the FIRST, SECOND, THIRD,

FOURTH and FIFTH COUNTS as if same were set forth herein at length.

2.      In May, 1992, because of the continuous harassment and discrimination by

defendants, FRAN SCIACCHITANO, HOLLY KING, JEAN GIBKI, MARILYN GOYETTE

and PETE TRELENBERG, plaintiff, JULIA C. POVEROMO-SPRING, requested and received a

transfer to another division.

3.      From May, 1992 through the present, plaintiff, JULIA C. POVEROMO-SPRING,

has been employed as an Information Technician in the Library and Media Center of the

Technology Services Division (TCSD) of defendant, EXXON CHEMICAL COMPANY.

4.      On June 11, 1992, defendants, DOUG CRANWELL, Section Head of of

Information Services, JUDY KRIEG, Supervisor of the Library and Media Center of TCSD, and

DIANE THOMAS, had a meeting with MARGO MILLER, R.N., wherein they expressed

negative, disparaging, false and defamatory statements about plaintiff's work performance.

5.      On May 7, 1993, plaintiff, JULIA C. POVEROMO-SPRING, notified defendant,

MARGO MILLER, R.N., that she had suffered another seizure at her son's college graduation on

May 6, 1993.

6.    On May 10, 1993, defendants, JUDY KRIEG and FLORENCE KELLY, both Supervisors of the Library and Media Center of TCSD, had a meeting with defendant, MARGO MILLER, R.N., wherein they made disparaging misleading remarks about plaintiff and otherwise aspersions upon her abilities and job performance.

7.    On May 11, 1993, defendant, MARGO MILLER, R.N., confronted plaintiff and encouraged her to seek counselling through the company-offered Employee Health Assistance Program (EHAP).

8.    From May, 1992 to the present, defendant, JUDY KRIEG, in violation of the New Jersey Law Against Discrimination, N.J.S.A. 10:5-4.1 and the Americans with Disabilities Act, 42 U.S.C.A. Sec. 12112(a), has unlawfully discriminated against plaintiff, JULIA C. POVEROMO-SPRING, by habitually treating her in a disparaging and disparate manner, being overly critical of her work performance, delaying her promotion for over two (2) years, assigning her to menial tasks, treating her as a disabled and incompetent person, instructing co-employees to check her work before having it go out, making her feel intellectually inferior, and otherwise harrassing her and making her feel unwelcome due to her handicap, as well as by fostering and approving similar discriminatory treatment of plaintiff by plaintiff's co-employees.

9.    Similarly, from May, 1992 to the time defendant, FLORENCE KELLY, retired from her job, defendant, FLORENCE KELLY, in violation of the New Jersey Law Against Discrimination, N.J.S.A. 10:5-4.1 and the Americans with Disabilities Act, 42 U.S.C.A. Sec. 12112(a), had unlawfully discriminated against plaintiff, JULIA C. POVEROMO-SPRING, by

habitually treating her in a disparaging and disparate manner, being overly critical of her work performance, delaying her promotion for over two (2) years, assigning her to menial tasks, placing her desk in the rearmost isolated part of the library, distancing her from her co-employees, treating her as a disabled and incompetent person, instructing co-employees to check her work before having it go out, making her feel intellectually inferior, and otherwise harassing her and making her feel unwelcome due to her handicap, as well as by fostering and approving similar discriminatory treatment of plaintiff by plaintiff's co-employees.

10.    From May, 1992 through the present, defendants, JULIE KALE, KIM BROWN, GLORIA MORGAN, and ELLIE LEWIS, all co-employees of plaintiff, JULIA C. POVEROMO-SPRING, in the Library and Media Center of TCSD, in violation of the New Jersey Law Against Discrimination, N.J.S.A. 10:5-4.1 and the Americans with Disabilities Act, 42 U.S.C.A. Sec. 12112(a), have unlawfully discriminated against plaintiff, JULIA C. POVEROMO-SPRING, by joining defendants, JUDY KRIEG and FLORENCE KELLY, in their harassment, disparaging and disparate treatment of plaintiff, with the approval of defendants, JUDY KRIEG, FLORENCE KELLY and EXXON CHEMICAL COMPANY.

11.    From May, 1992 through the present, defendants, JULIE KALE, KIM BROWN and GLORIA MORGAN, in violation of of the New Jersey Law Against Discrimination, N.J.S.A. 10:5-4.1 and the Americans with Disabilities Act, 42 U.S.C.A. Sec. 12112(a), have further unlawfully discriminated against plaintiff, JULIA C. POVEROMO-SPRING, by sabotaging her work performance, such as, by withholding patent requests from plaintiff many days after the initial requests have been sent, with full knowledge that plaintiff bears exclusive responsibility for fulfilling patent requests.

12.     From May, 1992 through the present, defendants, DOUG CRANWELL, JUDY

KRIEG, DIANE THOMAS, FLORENCE KELLY and MARGO MILLER, R.N., in violation of

of the New Jersey Law Against Discrimination, N.J.S.A. 10:5-4.1 and the Americans with

Disabilities Act, 42 U.S.C.A. Sec. 12112(a), have unlawfully discriminated against plaintiff,

JULIA C. POVEROMO-SPRING, by engaging in meetings wherein they expressed

negative, disparaging, false and defamatory statements about plaintiff's work performance,

made disparaging misleading remarks about plaintiff and otherwise aspersions upon her abilities

and job performance.


13.     Plaintiff, JULIA C. POVEROMO-SPRING, has complained of such harassment,

disparaging, disparate and discriminatory treatment to defendants, DOUG CRANWELL, Section

Head of Information Services; PAUL LIVAUDAIS, a manager with the PARAMINS Division;

KAREN JOYCE, Americas IM Manager of defendant, EXXON CHEMICAL AMERICAS;

JOHN TOTTE, Director of Human Resources; ROSE ANN FOEGE, an employee in the Human

Resouces Department; STAN TEBBE, Vice President of the PARAMINS Division; JACK

GEEHR, Manager of Human Resources and Labor Relations;  LEN BERLIN, Manager of

Financial Services; and HAROLD EINHORN, Chief Counsel of the Law Department.  Plaintiff's

complaints, however, were ignored by these defendants.


14.     Defendants, DOUG CRANWELL, PAUL LIVAUDIAS, KAREN JOYCE,

EXXON CHEMICAL AMERICAS, LEN BERLIN, HAROLD EINHORN and EXXON

CHEMICAL COMPANY, in violation of the New Jersey Law Against Discrimination, N.J.S.A.

10:5-4.1 and the Americans with Disabilities Act, 42 U.S.C.A. Sec. 12112(a), have unlawfully